Case 15-1060, USA v. Christopher Tibbs, Oral Argument, Not to Exceed 15 Minutes, Perside, and Mr. Nelson is the appellant. Good morning. May it please the Court, I'm Paul Nelson on behalf of Christopher Tibbs, and I'd like to reserve four minutes for rebuttal. Very well. Just initially, what I'd like to advise the Court that Mr. Tibbs, as the Court, I'm sure, is aware, filed a supplemental brief raising several issues. I intend to address, in some senses, one of those issues consistently with the 28-J letter that I just filed regarding the career offender application to the Hobbs Act robbery charge. But otherwise, just reserve on those, and particularly the issue that appears to be foreclosed by this Court's Taylor decision earlier this year on whether the Hobbs Act robbery, whether Johnson would apply to that. But we would reserve that and ask the Court to rule so we could preserve that issue in the event that it becomes necessary later on. But the principal overriding issue here is whether Christopher Tibbs was properly scored as a career offender. And relevant to this case, that there were two things that the sentencing court should consider in determining whether someone is a career offender. First, whether the instant offense, and again for purposes of this case, falls within the definition under the guidelines of a crime of violence. And then second, whether there are two predicate offenses that would qualify as either a crime of violence or a controlled substance offense. Mr. Tibbs was scored as a career offender based on one of each as far as predicate offenses are concerned. The issue, principal issue on that with regard to the predicate offenses involves the Michigan offense of armed robbery, for which he was convicted back in 1994. And it's our position that under the law, as it's changed over these last year or so with regard to Johnson and Discamps and some of these other cases, that the Michigan armed robbery offense, as it existed at that time, does not qualify as a crime of violence for purposes of the career offender guideline. Well, I mean, this may be just sort of a simplistic question, but how does the robber get the money if not by force? I have to admit, Your Honor, it seems somewhat counterintuitive, and I will admit that. But the fact of the matter is, in the analysis that has to be conducted to make that determination, it's not, number one, as the Supreme Court has indicated in more than a few cases now, that exactly what the defendant did is not an issue. That what the court looks at is the statute, and as we've explained in our brief, and again, and I apologize, I'm not sure how I managed to initially address the issue of the current or a more recent statute rather than the 1994 version. And I appreciate the government pointing that out, and our reply brief does address that. But the basic elements of that are an assault, felonious taking of property while the person is armed with a weapon. The assault, if the court works its way through that, the court has to make a determination whether, under Michigan law, what constitutes an assault, and follow that through one step further, because an assault can be a threatened battery, and what a battery is. And as we've pointed out, that under Michigan law, that a battery can be offensive touching, which does not necessarily involve force. So, you're basically saying that under the old statute, it was possible for somebody to walk over to somebody with something in their pocket that was not a gun, but maybe fashioned to look like a gun, not show it, and simply walk over and say, either put their hand on the person's shoulder and say, hey, I want you to give me all your money, or say to the person, I'm going to touch you very gently if you don't give me your money. Conceivably, Your Honor, yes. One of the issues, again, that we addressed and the government addressed is the question of being armed, and in fact, the Michigan Court of Appeals has held that it's not even necessary for the victim to be aware of the fact that a gun was possessed. That the gun has to be possessed, and the case, the Banks case that the government cited, really does not address that issue. That was a case where there was really no evidence, not sufficient evidence, that there was even a gun there. But there are several cases. We cited some of them. Another case was in, say, 1967. It was People v. Laker, L-A-K-E-R, 7 Mishap 425, 151 NW 2nd 881, where they say that the fact that the gun, they don't have to know if there is a gun. So, for example, if somebody robs someone, they walk away and they find a gun or knife or whatever, some sort of weapon, after they catch them after the fact, that would be sufficient. But I think the Banks case was an issue where there wasn't any evidence, wasn't sufficient evidence, that there was a weapon there at all. But I think the way that parsing through these statutes, and I think it's analogous to the situation in what the Supreme Court did in the Johnson case back in 2010 with regard to the Florida statute, that there are certain things that the court has to look at in terms of making these determinations. And some of them, I mean, I'm maybe not the first one to admit it, but I would have a hard time disagreeing with the fact that how can you say that armed robbery is not a crime of violence? Does a threat of force take care of it? It has to be, but again, going to the force aspect, it has to be, according to Johnson, it has to be violent force. So a threat of violent force would take care of it, would it not? Well, if that's what it was, but it could be a threat of something else, or the victim perceives something that's not violent force. Again, in one of my weaker moments, I guess, and maybe it's something that the government has talked about law professors coming up with these great scenarios, but the fact that if someone were to, you know, what we used to call back in elementary school, a wet willy. You know, sticking it in, I'm going to do this if you don't give me your money, or something like that, that that would be an offensive touching. That it's force, it's not violent force, but something like that. But if a threat of force accompanied by the presence of a weapon, at least facially raises it to the level of a threat of violent force, does it? Well, but it's, in some cases, if it is a situation like Judge White mentioned, if the person is there, they see something in their pocket. But you agree that the law doesn't require the victim to know a weapon is present? No. Which is kind of odd, but if that's the state of the law, then there can be a threat of violent force, even when the victim doesn't know that a weapon is present. Well, but it's... Is that true? I think you have to look at it from the point of view of the victim, though, in that situation. Why? Whether a reasonable person... What law says you look at it from the point of view of the victim? Well, you have to, in terms of the intimidation, in terms of being threatened, you have to look at it from a reasonable person. And that, I think, was basically the bank's situation. A reasonable person is a different standard from the victim. Well, a reasonable person in that situation. I mean, what I... What's your authority for the proposition that this reasonable person standard is how we interpret threat and use of force in 4B12? I think going through, just working our way back, as we cited in our brief, going through the state cases... I'm just... But you're telling us a certain vantage point for determining threat and use of force. And Judge Davis is saying, you know, why do we look at that from the standpoint that you're suggesting, reasonable person or something? Well, I think that those are the kind of cases that have come up. I mean, for example, a different situation, bank robbery, that from the teller's point of view, it doesn't have to be intimidation. But if the teller, if a person, that reasonable person in the teller's position would be intimidated by what happened, then that would be sufficient to meet that. And I think that someone who, again, that as we believe the cases show, the Michigan cases, getting to the point where you can commit a battery by simply laying your hand on someone, which, and again, in Johnson... You're not holding a .45 caliber pistol, perhaps. No, that's absolutely true. But the analysis that has to be conducted here under discounts that we have to look at the generic statute, what it is, and that I don't think there's any dispute that if I were to walk up to someone on the street and hold a gun to them and say, give me your money, that's one thing. That would be covered by an armed robbery statute. That's not the issue. I mean, let's say you go up to that person on the street and you show, you press against maybe a thin T-shirt, and you show the profile of a large pistol, a 1911 or something. No, I understand that. And the person is kind of slow, all right? And they don't really get the point of that gesture. And you say, give me your money, and they do it, but they're oblivious to the fact that you've just shown the outline of a pistol. Does that mean that it is not armed robbery? No, then, again, it would be up to the jury to decide whether that was... I guess I'm not... I think we're miscommunicating on who decides here. As I understand our task in this case, we're interpreting 4B1.2. Yes. And particularly in this hypo, threaten use of physical force. Jury's not going to answer the question what that means. Whether the hypo I just described satisfies that, okay? And so would you agree that the hypo I just described, notwithstanding the person's lack of understanding that they are, in fact, being threatened with violent force, that that would satisfy threaten use of force? I think that probably would, yes. So why wouldn't Judge Davis' hypo satisfy it as well, where the person might not have any awareness that the guy is armed, and the guy does, you know, you can plug in kind of the stuff you were saying, some, you know, seemingly benign physical threat, but he's got a pistol. Why isn't that a threatened use of force, just with the threat perhaps being the person isn't subjectively aware of it, but the offender is? I think that is something that would fall within in terms of criminal liability for committing the offense is one thing. But again, and it's, as the Supreme Court said in DesCamps, that if the statute is not categorically, in that case, an armed career criminal offense, then the fact that it's committed in a way that would constitute a crime of violence doesn't mean that it's a proper armed career criminal offense. But you're saying that in those situations in Michigan, the person could be convicted of armed robbery, but that it doesn't necessarily include the use or threat of violent force. That's correct, yes. Okay, you'll have your time for rebuttal? If I could, I have, want to at least briefly address the other issue, if I could use a couple of my minutes for that. If you want to run your rebuttal time. If I could take two minutes of my rebuttal time just to address, because the other issue dealing with the Hobbs Act offense, and I would just like to point out that the Hobbs Act, the issue here is not the issue that was raised in Taylor and some of these other cases. That this is not whether Johnson applies to the Hobbs Act or whether Johnson applies to 924C definition. This is the application of the guidelines to the Hobbs Act. And the government agrees that the Hobbs Act, in the way that it was instructed to the jury here, that the Hobbs Act definition, that initially the statute is divisible because it's either robbery or extortion. But you can use, you can determine which one of those was the offense, and you get to robbery. And at that point, the robbery statute aspect of it is indivisible. And there are numerous ways that it can be committed, and the difference under the 4B1.1 for the definition, or 4B1.2, the definition of a crime of violence, that it has to be the use, attempted use, or threatened use of physical force against a person. And under the Hobbs Act, that it can be, it uses different terminology to start, but basically threatening, using force, or so on, against a person or property. And because, looking at the statute, and I think this is an issue that may be resolved, at least generally in the Mathis case that's currently before the Supreme Court, about this distinction between means and elements. But the means is the government acknowledges that all of these other things, how you do it, if you're threatening someone or threatening their family or threatening their house or whatever, that if it's property, then that's a means, and that means that the statute is overbroad. And so it's a similar situation to what arose in Discamps. And the Hobbs Act, although it may be a crime of violence for purposes of just generally speaking, that it doesn't fall within the definition of the crime of violence. And it wasn't in the charging document? Pardon? It wasn't in the charging document in this case, whether the threat was against person or property? But even that, but it still is an issue that of whether, what the statute says, and what the jury was instructed here was just the statutory definition of robbery being, and again I don't have it in front of me, but the use or the threatened use of violence, or fear against the person of another or their property or the property of someone else or their family and all these other things. Are we reviewing this issue for plain error? I don't believe so. I think that the government semi-acknowledged the fact that the proper Bostick question wasn't raised at sentencing. I don't know. And they also argue that that doesn't mean. Well, but even if it is plain error, I believe in light of the Pollack decision, Johnson and these other cases that. Let me ask you this question. Was this issue or was this argument ever brought to the attention of the district court? No, I don't believe so. No. Okay, very well. You'll have your two minutes. Okay, thank you. You're from the government. Good morning, and may it please the court. Shane Crawley for the United States. Common sense says that armed robbery is a crime of violence. The case law in Michigan makes that crystal clear. I'll address both parts, the assault prong as well as the armed prong, because both of those, both independently and together, make it very clear that before the amendment in 2004, armed robbery in Michigan could not be committed without the attempted use or threatened use of force. First, the issue of assault. Assault can mean, theoretically, offensive touching, but that's simple assault, and that's the misdemeanor simple assault that involves things like poking, spitting, and so on. Assault in the armed robbery context is not simple assault but rather felonious assault. And while contextually that makes sense and common sense makes sense, I have cases that support that. What's the basis for saying it's limited to felonious assault? Well, I will give you a couple cases. First, I'll give you People v. Karasek, and this is a case not in my brief. I found it over the weekend. The site is 234 NW 2D 761. This is a Michigan Court of Appeals case from 1975 in which the defendant asked for a jury instruction on the issue of simple assault. He has been charged with armed robbery and asked for the jury to be instructed alternatively as to simple assault, and the Michigan Court of Appeals. As a lesser included? As a lesser included. That's correct, Your Honor. And the Court of Appeals, the lower court had denied that. The trial court had denied that, and the Michigan Court of Appeals affirmed, stating that it would have been error to give such an instruction, and that is because since the defendant was armed, any assault committed would be at least felonious assault, not simple assault. Just, I guess, a procedural point. Was Mr. Nelson aware that you would be arguing this case today? No, Your Honor, and I'd be happy to provide a 28-J. Okay, and he would have an opportunity to respond? Absolutely, Your Honor. I think at this point we're probably sick of the briefing in this case. Your Honor, I'd also note that the jury instructions in Michigan make it very clear as well. I'm sorry, we'll all take a look at this case, but you're confident that that's all the court said? Was that merely because he was armed, per se, that takes it out of simple assault? That's right. Or did the court go on and say, well, and the record doesn't support blah, blah, blah? No, Your Honor, this was a 1970s case, and the discussion was very sparse. Okay. I guess they didn't talk much. All right. It was very different. There were later cases, but as Judge Kavanaugh noted, I haven't given Mr. Nelson those cases. So I'd be happy to provide those cases for your clerks as to cases that have reiterated this. But I think if we also just look at the jury instructions in Michigan, there is a distinction between simple assault and felonious assault. Simple assault does include that offensive touching language that is theoretically problematic, but jury instruction for felonious assault actually excludes that offensive touching. It defines battery in this context as a forceful or violent touching. It does not include that language of offensive touching. Contextually, as well as the case law, it's very clear that assault in the context of armed robbery does not mean felonious assault. In fact, assault in this context is essentially a shorthand for what the legislature in Michigan has stated is unarmed robbery, rather. And that's simply from one end of the spectrum we have force or violence, and on the other end of the spectrum we have fear. Assault is really covering all of that, and there's case law to support that as well. Common law assault is not divisible. You agree? Common law assault is not divisible. That's correct, Your Honor. Okay. And so where in Michigan law do we find the distinction between felonious assault and simple assault? I can't give you the case in which that break happens. It's not a statutory. The legislature hasn't stepped in and defined assault statutorily. The legislature in Michigan actually has defined a number of different types of assault, everything ranging from assault with a deadly weapon. Assault with, right. Yes, assault with. But actually assault itself.  I believe that was defined in the Gardner case in Michigan, and that is where it defines it as either attempted battery or apprehension of a battery. And that is the definition there. But the legislature has then set all of the widths, everything from with a dangerous weapon up to with the intent. So that's the first issue, that assault does not mean simple assault. So this theoretical possibility, and frankly that's all that Mr. Tibbs can offer, is this theoretical possibility that the Supreme Court has reiterated over and over the Court is not supposed to go into. There's not a single case he can cite in which offensive touching is the basis for an armed robbery. And in fact, the classic example of offensive touching is spitting. I can't find a single case in any of the 50 states in which armed robbery is committed by spitting. That in and of itself resolves the issue, because assault by itself in this context involves the use, attempted use, or threatened use of force. At that point, this is a crime of violence. But let's turn to that armed element and make this even more clear. The statute pre-2004 amendment, and I note that distinction a number of times because afterward it becomes divisible and the language, I would still submit that it's a crime of violence, but the language is much simpler pre-amendment. Armed meant one of two things. It either meant used or it meant it's possessed plus. In other words, there's not a single case in which I'm aware in which a defendant possessed a gun or some other weapon and it was concealed but did not have to say something else. In fact, in other words, there's not a situation in which a robber was armed, came up from behind, robbed someone, and the victim was never aware that there was some sort of weapon. The statute makes clear, and the case law supports this, that if the person isn't using the weapon, in other words, brandishing, having it on their side or something of that effect, when it's concealed, there needs to be some sort of reason that the victim becomes aware of this, either the example of hand over your belongings or I'm going to shoot you or stab you or so on. Alternatively, there needs to be some sort of objective evidence. So, for example, if a person does... What if the victim learns of the presence of a weapon 30 seconds after the robbery occurs because there's a police officer around the corner who grabs the perp 20 seconds after the robbery occurs? Your Honor, I think the... I'm unaware of a single case in which that was the issue, and I think that the best... The case law suggests... If you go on the jury and the victim, in my hypothetical, said, he walked up behind me, he threatened me, I was scared to death, he reached into my pocket and took my wallet out of my back pocket and he turned and ran, and there was an officer around the corner who grabbed him right away and a gun fell out of his pocket. Your Honor... Would that be armed robbery? I think that turns on the type of threat. Is it an example where he walks up and says, give me your belongings or I'm going to shoot you, which... No, my hypothetical was, give me your money, and then he takes the wallet. I'm unaware of any case that would support that as being armed robbery. And you would vote no if you were on the verdict. If you were on the jury for such a case and you got the instructions that Michigan gives, you would say that wasn't armed robbery? I would say that it required it to be either armed or it needed... Armed required either the instrument to be used or fashioned in such a way to lead the person, or it needed to be used or fashioned, or there needed to be some sort of objective evidence to put the victim on notice. Your submission is, under Michigan law, any Michigan trial judge would have instructed the jury, just because the gun was there 30 seconds later, if the victim wasn't aware of the gun or wasn't aware of the use of the gun, then you can't convict of armed robbery. I'm unaware of a case that says that armed equals possessed. I'm sorry, Judge. I'm sorry. What are the cases that say that that's not armed robbery? Your Honor, I think the Jolly case is actually very instructive. I know that Mr. Tibbs, or that they offer Hayden for the proposition that a defendant can satisfy the armed element by merely possessing a weapon, seen or unseen. But in Jolly, this is actually clarified to say that if the weapon is not seen by the victim, then the evidence sufficient only if the defendant was armed with an article fashioned to induce the victim to believe that the robber was armed. In other words, mere possession. There needs to be something in order to lead the victim to believe he's armed. A statement, for example, or seeing a bulge. That's the classic example. And I think if we look at Jolly, it's very instructive. There, that pre-2004 amendment, and you probably recall this given your tenure on the bench there, the courts were very strict on the distinction between armed and unarmed robbery, and that's because armed robbery in Michigan has up to a lifetime imprisonment. So they were very strict on the definition of, or the level of evidence sufficient to meet that. In Jolly, two people walked into an Arby's, a man and a woman, and the woman said, give us all your money or he'll shoot you, and pointed to her companion. Now that right there, pre-2004, was insufficient. Just an oral representation was insufficient without some sort of plus factor, some sort of objective evidence beyond that. That had been rejected, actually, previously in the Saines case and others. In Jolly, the court said, the evidence there is sufficient not because the victim believed that there was a weapon present, just that oral representation wasn't enough because the subjective belief of the victim is not enough. The cashier there looked to the man after being told that he would shoot and saw a bulge in his mid-vest area, and from that there was a reason to give weight to that threat, and that was the minimum amount of evidence sufficient in order to support an armed robbery. Now, again, things have changed after 2004, but I would submit that the cases, as Michigan has interpreted armed robbery, are very clear that it cannot be committed without the attempted use or threatened use of force. I guess to sum up your description of the two aspects of this, you need felonious assault, not simple assault, and you need either actual possession of a weapon or some reason for, I guess, the victim to think you had a dangerous weapon. Yes, Your Honor. In fact, I would note that felonious assault in Michigan actually is assault with a dangerous weapon. There are two ways of saying the same thing, and so courts have actually said that armed robbery, I know that's not intuitive. I mean, so if you just beat somebody to a pulp, that's not felonious assault? Not as I understand it. I would get it as assault. Okay. As I understand it, the most simplistic way to think of armed robbery pre-2004 amendment, again, I hate to keep saying that, is essentially felonious assault plus larceny. In other words, assault with a dangerous weapon plus larceny. This is a forceful taking. It requires intent. This is not a negligent standard or reckless. There is no question that it involves the use, attempted use, or threatened use of force. And if it had been, if there was a single case, Mr. Tibbs would have offered that. We're left with just the theoretical possibility, and that is just flat-out insufficient in order to hold that. And so for those reasons, I would argue that his argument should be rejected. And I gather from your brief that you think we ought to review this only for plain error because he didn't make this argument to the district judge either. Correct? I do think it should be plain error, Your Honor. I think that Bostick was not intended to give someone an escape clause in a situation where they had ample opportunity. As I read Bostick, it was intended to provide the parties an opportunity to put on the record any objections to the sentence just imposed. Now, this was a pre-Booker rule, but certainly it was not a rule that could supplant the requirements in the rules of criminal procedure. For example, Rule 32 that requires you to object to the PSR beforehand. And that's exactly what's happened here. He had three opportunities. He did not object to the PSR. Even if he hadn't, he could have said it in a sentencing memo. And when he started the proceeding, the judge said, Are there any other objections? He did not object there. The fact that the judge botched the Bostick question, which happens all too frequently, does not allow someone an escape clause. But regardless, the standard review is irrelevant for whether or not we win. There's no case law that supports his proposition. And I would argue that while plain error is the appropriate standard, de novo reviews doesn't change the fact. With my remaining time, I'd like to address this issue of Hobbs Act robbery. And there are two issues here. First is whether Hobbs Act robbery is a crime of violence under 924C. There's no question it is after Taylor. Although I must concede that whether Taylor will be around in two years, I don't think any of us can say. Certainly, Judge White, you dissented in that case. 16b has identical language, and the Seventh Circuit and Ninth Circuit have already held its residual clause is not valid. I would strongly urge this Court to also rule that under the elements prong of 924C it is a crime of violence. Otherwise, I'll be right back here in two years arguing the same thing. I understand that. Assuming you win. Well, I'll be back here whether I win or lose. You could short-circuit the whole thing right now. You could. You could save me a trip one way or the other. The second issue is whether it is a crime of violence for purposes of the conviction, whether that would make him a clear offender. Whether or not it is a crime of violence for purposes of the instant offense, there are three ways. First is there are enumerated offenses. These may be in the commentary, but this Court has made clear that there are enumerated offenses. The case Rodriguez comes to mind from 2012, saying that those are enumerated offenses. The second way is the elements prong, and the third way would be the residual. It's unclear to me why Mr. Tibbs believes that all of the application notes should be thrown out. I would note the Soto Rivera case in which he cites from the First Circuit. That case involved illegal possession of a weapon. In that case it was a machine gun. There the government had made the position that you can still rely on the application note, and the First Circuit said, well, no, this would conflict with the guideline, and so we have to rely only on the guideline. He hasn't offered that here. This is no different than in Johnson where we strike the residual clause. I see my time has passed. I'm sorry. If you look at the... Are you saying that because robbery is enumerated in the guidelines commentary, it's included? I am, Your Honor. That's exactly what I'm saying. Robbery is enumerated as one of the offenses that is a crime of violence, categorically, independent of the elements prong or the residual clause. I would note and... But there's no basis for it now. I'm not sure I understand your question. Because it was not relying on the elements clause or the residual clause. That's the problem. Mr. Tibbs is assuming that robbery was an enumerated offense under either the elements, this attempted use or threatened use of force, or under the residual clause, but that's not the case. It is enumerated, and then we look at.  crime of violence includes, and gives a long list of offenses. Is there a priority for the proposition that that is an independent enumeration as opposed to an illustration, perhaps, of the residual clause? Well, Your Honor, I think the plain language of the application makes that clear. If we look at that, it lists. So you don't have a case that says what you're saying right now? I don't have a case that says this exactly on point. Granted, I did not start looking at this until Monday when the 28-J letter was filed because that is not an issue that's developed in any sense in his brief, supplemental or otherwise. But I don't have a case that says that, but I would note that the amendment that takes into effect August of this year, an amendment that I'm not suggesting would somehow change my facts, but I think it is certainly instructive in the sense that it says, as has always been the case, such offenses, this would be an offense including robbery, qualifies crimes of violence regardless of whether the offense expressly has, as an element, the use, attempted use, or threatened use of physical force against the person of another. Mr. Tibbs is submitting that robbery is included there relying on the residual clause. I understand. He's offering no authority to that either. And so for that reason, I think his claim fails. All right. Are there no further questions? Is the amendment effective in August or November? This one is actually effective August 1st, I think, to help in situations like this. Thank you. Thank you. I hear rebuttal from Mr. Nelson. Thank you, Your Honor. Just one very brief point. Your comment earlier on about asking someone who was, I forget the phrase you used, but lacking awareness about what the defendant was doing, that happened to me. Someone came up when I was delivering pizzas doing this thing. But anyhow, we do cite in our brief and, again, the cases that we have cited where the, say, People v. Kruper, it's 340 Michigan 114, 64 Northwest 2nd, 629, 1954. But it says, Whatever the elements of force are putting in fear enter into the taking, and that is the cause which induces the party to part with his property. Such taking is robbery. And then the next sentence. This is true regardless of how slight the act of force or the cause creating fear may be, providing in the light of circumstances the party robbed has a reasonable belief that he may suffer injury. I mean, these cases, the Michigan courts have addressed that. On page 10 and 11 of our reply brief, we do cite cases. Well, why wouldn't, if you cause someone to reasonably believe that they're going to suffer injury, doesn't that count under the force? Are you saying that's not a fear of violent force? Why isn't that enough? It has to be violent. You have to threaten violent force. And that's part of the problem, we think, that the force, as we said, can be the slightest force, which in the 2010 Johnson case, it has to be violent force. Well, how do you respond to his argument that it's felonious assault plus larceny? Pardon? How do you respond to his argument that the offense in Michigan is basically felonious assault plus larceny? Well, back, as my understanding and my reading of the jury instructions back at that time, that they did not include that, that it was more of a general, similar statute, or the jury instruction listing the means rather than elements. As far as the Hobbs Act issue is concerned, I just would like to point out page 2283 of Discamps, 133 Supreme Court of 2283. Discamps says that the statute sweeps more broadly than the generic crime. Conviction under the statute does not count as an armed career criminal predicate, even if committed in generic form. I think if you apply that to the career offender guideline, which the Supreme Court has suggested and which this Court has agreed, has ruled that it does apply, that instead of the statute, that the Hobbs Act sweeps more broadly than the guideline. And because you can commit the Hobbs Act robbery by a threat against property. That's not within the guideline. It's not unlike people who win on claims that they're not career offenders when they have burglary, but it's not burglary of a dwelling.  And so that's our position, that the guideline just simply doesn't cover that. Can you just, if the Court will indulge, how would you commit a Hobbs Act robbery via a threat against property? Just give me an example. You mean how would I do it? No, not you, but how would a stupid criminal do it? I'm going to smash out your windows if you don't give me money. Well, but the person's right there. Yes. Okay, so it's robbery because robbery requires deprivation of possession, right? From a person. So the person's got to be present. Yes. And under your response, and I appreciate it, the threat specifically is, I'm going to smash out your car windows or whatever it is.  It's not a threat. It's not an implied threat against the person. Because the person's got to be present. You agree the person's got to be present for it to be robbery at all. Well, it does, but also under the Hobbs Act that it's future fear, a fear of a future occurrence. So we say just the statute goes beyond the scope of the guideline. Thank you. Thank you. Very well. Thank you. The case will be submitted. Clerk may call the next case. Thank you.